On December 10, 1997, Douglas Antler filed a lawsuit against the Columbus Metropolitan Library and various other parties. The parties who had been sued filed an answer in which they acknowledged that Mr. Antler had been evicted from the Reynoldsburg Branch of the Columbus Metropolitan Library on December 13, 1996. However, they denied that they had done anything which would entitle Mr. Antler to monetary damages.
A second answer was filed on behalf of the named defendants approximately two weeks later.
After discovery was pursued, the defendants filed an extended motion seeking summary judgment. Mr. Antler filed a memorandum contra the motion. He appended to the memorandum a page he titled "affidavit," but did not, in fact, complete an affidavit by swearing or affirming before an officer entitled to take oaths.
The trial court granted summary judgment on behalf of the defendants. Mr. Antler has pursued a direct appeal of that judgment, listing the following as an assignment of error:
Assignment of Error
 The trial Court erred in granting summary judgment dismissing all seventeen claims while issues of material fact and law remained to be given a full and proper treatment by both partys [sic] to the case. Plaintiff at this point in the proceedings is unable to be more specific for reasons cited in (4) below, as the trial Court might well sustain the validity of one or more of the seventeen claims if presented with a full statement of the case for review. The trial Court is the proper venue for this, and should an appeal be necessary, an appeal seeking reinstatement of claims on merit would be from that future order, not the order of September 3, 1998.
Civ. R. 56(B) states:
 A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.
Civ.R. 56(C) requires:
 The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
The trial court could only consider evidence which was submitted in accord with the Ohio Rules of Civil Procedure, especially Civ.R. 56(C). The Columbus Metropolitan Library provided a great deal of information in support of its assertion that it had not harmed Mr. Antler in any way which made it liable to Mr. Antler. Mr. Antler provided no evidentiary material in a form such that the trial court could consider. As a result, the trial court had no choice but to grant summary judgment for the Columbus Metropolitan Library and the other defendants.
The assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS, P.J., and DESHLER, J., concur.